IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON SHANTEL GOSSETT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BEN FLOWERS, ET AL., ) <br> ) <br> Defendants. ) | Case No. CIV-21-00049-JD |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation of United States Magistrate Judge Suzanne Mitchell entered on March 30, 2021. [Doc. No. 13]. The Report and Recommendation recommends the transfer of this action to the United States District Court for the Eastern District of Oklahoma for all further proceedings. [Doc. No. 13 at 5]. Plaintiff Jason Shantel Gossett ("Gossett") concedes that proper venue for this case is in the United States District Court for the Eastern District of Oklahoma. [Doc. Nos. 12, 14, and 14-1].

Gossett identifies all Defendants as individuals of Murray County and claims the events or omissions giving rise to his claims occurred there. [Doc. No. 14 at 1–2]. Venue therefore lies in the United States District Court for the Eastern District of Oklahoma because Murray County is located there. *See* 28 U.S.C. § 116(b).

Gossett states he mistakenly filed this action in the Western District of Oklahoma and admits he should have filed his case in the Eastern District. [Doc. No. 12 at 1]. "For the convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district . . . where it might have been brought . . . ." 28 U.S.C. § 1404(a). As venue is proper in that district, Gossett's action "might have been brought" there. *Id.* The transfer of this action to the Eastern District of Oklahoma is "in the interest of justice." *See id.*; *see also Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006) ("A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice.") (footnote omitted).

Judge Mitchell advised Gossett that he may file an objection to the Report and Recommendation with the Clerk of Court by April 20, 2021, and that failure to timely object to the Report and Recommendation waives the right to appellate review of both factual and legal issues contained in the Report and Recommendation. [Doc. No. 13 at 5–6]. *See also* 28 U.S.C. § 636. No objection to the Report and Recommendation was filed, and no extension of time to object was requested. Not only did Gossett not file an objection, but he agrees that the United States District Court for the Eastern District of Oklahoma is the appropriate venue. *See* [Doc. Nos. 12, 14, and 14-1]. The Court finds that this case should be transferred to the United States District Court for the Eastern District of Oklahoma.

The Court therefore ADOPTS the Report and Recommendation [Doc. No. 13] in its entirety for the reasons stated therein. The Clerk of the Court is directed to TRANSFER this matter to the United States District Court for the Eastern District of Oklahoma for all further proceedings. Gossett's motion [Doc. No. 12] is DENIED as MOOT as a result of the transfer, and the Court leaves [Doc. Nos. 11 and 14] to the

discretion of the transferee court.

    **IT IS SO ORDERED** this 4th day of May 2021.

                                                JODI W. DISHMAN
                                                UNITED STATES DISTRICT JUDGE